IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1999 SESSION

FILED

April 20, 1999

Cecil Crowson, Jr.
Appellate Court Clerk



| TONEY N. SMITH, | ) | |
|---|---|---|
| | ) | |
| Appellant, | ) | No. 02C01-9806-CR-00200 |
| | ) | |
| | ) | Shelby County |
| v. | ) | |
| | ) | Honorable Joseph Dailey, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

William C. Gosnell
100 North Main Street, Ste. 3010
Memphis, TN 38103
(AT TRIAL)

Toney N. Smith, <u>Pro</u> <u>Se</u>
Turney Center 4-B-49
Route No. 1
Only, TN 37140-9709
(ON APPEAL)

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
         and
J. Ross Dyer
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General
         and
J. Robert Carter
John Sorrell
Assistant District Attorneys General
201 Poplar Ave., Ste 301
Memphis, TN 38103-1947

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

# O P I N I O N

The petitioner, Toney N. Smith, pro se, appeals as of right from the denial of post-conviction relief by the Shelby County Criminal Court. He contends that he received the ineffective assistance of counsel and that the negotiated settlement of his sentences was not knowingly and voluntarily entered. We disagree.

The petitioner was convicted in 1994 of second degree murder and aggravated child abuse. He entered into an agreement with the state at his sentencing hearing to receive a thirty-year sentence on each count as a Range II, multiple offender, to be served concurrently. Pursuant to the agreement, the petitioner waived his right to a motion for a new trial and his right to appeal.

At the post-conviction evidentiary hearing, the petitioner claimed that his trial attorney failed to meet with him in jail adequately, failed to interview and call character witnesses, failed to object timely to an amendment of the indictment, failed to file certain motions, failed to pursue a motion to suppress his statements to the police, failed to make certain objections, and failed to advise him that he would forfeit his right to appeal if he accepted the effective sentence of thirty years. On cross-examination, the petitioner admitted that his attorney tried to keep his statement to the police out of the trial. He also acknowledged that he had a twelfth-grade education and had entered guilty pleas on several occasions.

The only other witness called on the petitioner's behalf was his mother. Essentially, she stated that the petitioner's attorney had said that he would use her as a witness, but she was not called to testify.

2

The trial attorney testified that he replaced the petitioner's original attorney five months before the trial. He said that he met with the petitioner in jail on two occasions and saw him when they would go to court. He stated that he filed a set of motions one month after taking the case, including a motion to suppress the petitioner's written statement to the police in which he admitted that he shook the victim. He said that a hearing on the motion occurred the day before trial and that the trial court ruled that the statement could be used. He acknowledged that the petitioner gave an earlier oral statement that was not the subject of the motion, but he noted that in the oral statement, the petitioner denied abusing the child. The attorney also said the oral statement was less significant because it was given before the written one which incriminated him.

The attorney acknowledged that he did not call any character witnesses during the trial. He said that even if the petitioner's character had become an issue, he would have recommended against such witnesses because of the petitioner's criminal record. He noted that the petitioner did not testify. The attorney stated that he explained to the petitioner his concerns about the petitioner taking the stand and using any character witnesses.

The attorney testified that when he was appointed to the case, there were already two indictments. He said the indictment was not amended, and he saw nothing wrong with the procedures used.

The attorney testified that the victim's mother's use of cocaine was proven. He said that no one gave him any witnesses who could testify to the mother abusing the child or to the fact that other people may have had access to the child. However, he said that the petitioner admitted to shaking the victim and being responsible for her death.

3

Relative to sentencing, the attorney testified that he fully explained to the petitioner his rights to a motion for a new trial and to an appeal but that he did not see any reversible error. He said that there was little controverted evidence that would make a difference. He said that he explained to the petitioner that he was exposed to seventy years in prison and that the petitioner willingly agreed to the thirty-year offer.

The transcript of the sentencing hearing reflects that the trial court fully discussed with the petitioner his rights to a motion for a new trial and to an appeal and explained that pursuant to the agreement, the petitioner would be waiving and giving up his right to appellate review of the conviction. Also, the trial court told the petitioner that it considered him to be eligible for consecutive sentencing and that he was eligible for Range III sentencing for the aggravated child abuse offense. The petitioner was made aware that he was exposed to a maximum sentence of seventy years for the two convictions.

In its order denying relief, the trial court stated that it considered the convicting case record as well as the testimony at the evidentiary hearing. It found, in pertinent part, as follows:

> [The trial attorney] interviewed witnesses, filed motions, conducted a thorough suppression hearing on the date prior to the trial, vigorously argued that the confession should be suppressed, fully represented Mr. Smith at trial to the best of his ability, and gave him the best advice he could at the sentencing hearing. In [the attorney's] judgment as an experienced trial attorney the likelihood of his getting a much greater sentence if they proceeded with a sentencing hearing in front of the judge was great. It was his opinion that the best possible sentence Mr. Smith could receive under the circumstances given his prior record and nature of these cases was the 30 year sentence that had been negotiated. [The attorney] stated that he fully advised his client of what he would be giving up in exchange for accepting that agreed upon sentence. In this Court's opinion, the transcript of the trial fully bears out [the attorney's] assertion. In the opinion of this Court, the Petitioner was thoroughly and properly represented at his trial and at his sentencing hearing.

The trial court concluded that the petitioner had failed to meet his burden of demonstrating that his attorney was ineffective in his representation.

The petitioner had the burden in the trial court of proving his allegations by clear and convincing evidence. T.C.A. § 40-30-210(f). On appeal, he has the burden of showing that the evidence of record preponderates against the trial court's judgment before we can reject the trial court's determinations. See Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is upon the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 369-72, 113 S. Ct. 838, 842-44 (1993). The Strickland standard has been applied, as well, to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974) and United States v. DeCoster, 487 F.2d 1197, 1202-04 (D.C. Cir. 1973). Also, in reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from

5

counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982) (counsel's conduct will not be measured by "20-20 hindsight"). Thus, the fact that a particular strategy or tactic failed or even hurt the defense does not, alone, support a claim of ineffective assistance. Deference is made to trial strategy or tactical choices if they are informed ones based upon adequate preparation. See Hellard, 629 S.W.2d at 9; DeCoster, 487 F.2d at 1201.

Also, we note that the approach to the issue of the ineffective assistance of counsel does not have to start with an analysis of an attorney's conduct. If prejudice is not shown, we need not seek to determine the validity of the allegations about deficient performance. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069.

The record fully supports the trial court's findings. The fact that the attorney did not meet with the petitioner in the jail more than twice does not indicate deficient performance. Moreover, the petitioner has not shown that prejudice resulted from the lack of more meetings. Also, the attorney's decisions and ultimate advice to the petitioner regarding the petitioner testifying and the use of character witnesses were proper matters of trial strategy. The record reflects that no last minute amendment to an indictment occurred, and it otherwise shows that the petitioner was put to trial on two valid indictments. The attorney vigorously sought to suppress the petitioner's statement in which he admitted that he shook the victim, and nothing in the record indicates that the petitioner was entitled to suppression. Also, the record reflects that the attorney fully discussed with the petitioner his rights and options relative to the sentencing agreement.

The petitioner also contends in his brief that there were other problems at his trial relative to improper vouching by the state in its closing argument, to the jury's exposure to his prior record, and to the use of hearsay evidence of guilt. However, we

6

view the closing argument and the reference to the defendant having been in jail to be harmless. The hearsay about which the petitioner complains was admissible because it consisted of his own statements to other witnesses. In sum, we conclude that the record shows that the petitioner received the effective assistance of counsel.

Relative to the sentencing agreement, the transcript of the sentencing hearing belies the petitioner's claim that he was unaware of the fact that he was giving up the right to appeal his conviction by accepting an effective sentence of thirty years. The record justifies the conclusion that the defendant knowingly, understandingly, and voluntarily waived his rights to a motion for a new trial and appellate review of his convictions in exchange for the sentences he received.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
Gary R. Wade, Presiding Judge


_____
Thomas T. Woodall, Judge

7